# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DWAYNE ERIC BELLE,<br>                  *Defendant.* | No. 3:05–cr–00021<br><br>OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant's *pro se* Motion for Early Termination of Supervised Release. (docket no. 48). The United States does not object to Defendant's Motion, and for the reasons I discuss below, I will grant it.

## I.

On November 1, 2005, Defendant pleaded guilty to a one count indictment that charged him with conspiracy to distribute and to possess with intent to distribute fifty grams or more of mixtures and substances containing cocaine base ("crack") and mixtures and substances containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 6, 2006, after receiving a Motion for Substantial Assistance from the United States, I sentenced Defendant to a sixty month term of imprisonment, with a five year period of supervised release to follow his prison term. On May 22, 2008, after the passage of Amendment 706 to the United States Sentencing Guidelines, and pursuant to 18 U.S.C. § 3582(c)(2), I reduced Defendant's prison term to forty-eight months; his supervised release term did not change.

Defendant was released from Dismas Charities of Atlanta (a halfway house) on or about November 8, 2008, and then began serving his term of supervised release. Since January 25 of this year, Defendant has been under supervision in the District of Maryland, after he moved to Maryland to live with his girlfriend and pursue certain employment opportunities. Defendant purports to have been gainfully employed at various establishments since that time, and he has undertaken efforts to obtain a bachelor's degree in psychology. In short, Defendant asserts that, during the course of his three and a half years of supervision, he has successfully transitioned back into society, and except for a minor traffic ticket, he has had no encounters with law enforcement. A memorandum I received from United States Probation and Pretrial Services ("Probation") in the District of Maryland confirms that Defendant has maintained full-time employment during his supervision, and he has also obtained a second job. Probation also indicates that, since moving to Maryland, Defendant has been subjected to three random urinalysis tests, all of which came back negative. Probation does not object to early termination, and indicates that Defendant "is living a crime free lifestyle."

## II.

Pursuant to 18 U.S.C. § 3583(e):

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

In essence, a court considering whether to terminate a term of supervised release must, in addition to making sure that the defendant has served at least one year of supervised release,

2

Case 3:05-cr-00021-NKM   Document 50   Filed 06/21/12   Page 2 of 4   Pageid#: 88

consider most of the sentencing factors set forth by 18 U.S.C. § 3553(a). Section 3583(e) thus "allows a conduct-based inquiry into the continued necessity for supervision after the individual has served on full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). But because § 3583(e) affords district courts considerable discretion by directing courts to consider the interest of justice, the statute "is not exclusively limited to considerations of conduct." *Id.* at 283. In short, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.*

Having reviewed the factors set forth in 18 U.S.C. § 3583(e), I will grant Defendant's Motion. As evidenced by his negative drug screens and his responsible reporting to Probation, Defendant appears to have successfully adjusted back into society. His employment record and educational achievements are commendable, and he does not appear to be a threat to commit further crimes. I agree that "full compliance with the terms of supervised release is what is expected of a person under the magnifying lens of supervised release and does not warrant early termination," *Folks v. United States*, 733 F. Supp. 2d 649, 652 (D. Md. 2010) (quoting *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)); however, I am satisfied that Defendant's fully compliant conduct since his release from prison in 2008, coupled with the interest of justice, sufficiently warrants the early termination of Defendant's supervised release term.

## III.

For the reasons stated above, Defendant's Motion for Early Termination of Supervised Release (docket no. 48) is hereby GRANTED.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Opinion & Order to all parties of record. Additionally, because Defendant is being supervised by Probation in Maryland, appropriate action should be taken to notify that office of my Order.

Entered this  21st  day of June, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

4

Case 3:05-cr-00021-NKM   Document 50   Filed 06/21/12   Page 4 of 4   Pageid#: 90